IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JAMES DAVID STRICKLER, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:17cv00153 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| TOM JONES, | ) | United States District Judge |
|     Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff James David Strickler, a Virginia inmate proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Sheriff Tom Jones. Strickler's complaint alleges no facts against or conduct committed by Sheriff Jones. To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). The court conditionally filed Strickler's complaint, advised him that the complaint was deficient because it failed to allege facts against or conduct committed by the defendant, and gave Strickler the opportunity to amend the complaint. (Dkt. No. 10.) Strickler responded with an unsigned, partially amended complaint and asked for an extension of time to file an amended complaint. (Dkt. No. 11.) The court granted Strickler an extension of time to respond, and Strickler filed no further response. Because neither Strickler's original complaint nor his partially amended complaint alleges any facts against or conduct committed by Sheriff Jones, the

court will dismiss this action without prejudice pursuant to 42 U.S.C. § 1997e(c)(1) for failure to state a claim.[1]

An appropriate order will be entered.

Entered: August 28, 2017.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

[1] Strickler alleges that he arrived at the Charlotte County Jail with medication for nerve damage and that an unnamed doctor confiscated and discontinued the medication because it was "habit forming." As relief, Strickler asks to be placed in the Virginia Department of Corrections or sent back to the "Bristol, Va. Jail" and for $1500 in damages. Strickler does not allege that the doctor denied his medication pursuant to any policy at the Charlotte County Jail, thus, his allegations are insufficient to state a claim against the Sheriff. *Himple v. Moore*, 673 F. Supp. 758, 759 (E.D. Va. 1987). The court also notes that even if Strickler had named the doctor as a defendant, his allegations are insufficient to state a cognizable claim. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985).